UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BANK OF AMERICA, N.A.,

VERSUS

TERYL EMERY DDS, LLC and
TERYL EMERY

CIVIL ACTION

NO. 15-0778-JWD-EWD

### RULING AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Award brought by plaintiff Bank of America, N.A. ("BOA" or "Plaintiff"). (Doc. 28.) The motion is opposed by defendants Teryl Emery DDS, LLC ("Emery DDS") and Teryl Emery ("Emery") referred to collectively as "Defendants." (Doc. 35.) A reply brief was not filed. For the reasons which follow, Plaintiff's motion is granted in part and deferred in part.

### PROCEDURAL HISTORY AND ARGUMENT OF THE PARTIES

The facts giving rise to this litigation are set forth in detail in the Court's Ruling and Order, issued July 28, 2016, granting BOA's Motion for Summary Judgment ("Summary Judgment Ruling"). (Doc. 22.) On November 19, 2015, BOA filed suit against Emery DDS as borrower and Emery as guarantor under an Amended and Restated Loan Agreement ("Loan Agreement"). (Doc. 1.) On August 22, 2016, this Court entered a Final Money Judgment in favor of BOA and against Defendants in the total amount of $469,842.30, "plus interest… and late charges accruing after January 8, 2016, together with all ***costs, fees (including attorneys' fees), expenses*** and charges that have accrued as of, and continue to accrue after January 8, 2016, until all of the indebtedness of [Defendants] is paid to [BOA], in full." (Doc. 26, emphasis added.) On August 26, 2016, Defendants filed a Notice of Appeal. (Doc. 27.) On December 16, 2016, the

1

Court Of Appeals issued a mandate dismissing the appeal "pursuant to appellant's motion." (Doc. 36 at 2.)

BOA files the present motion pursuant to Federal Rule of Civil Procedure 54(d). (Doc. 28-1 at 2.) BOA argues the Court's Summary Judgment Ruling awarding attorney's fees and expenses is consistent with the Loan Agreement which permitted the recovery of "reasonable costs and attorney's fees incurred by [BOA] in connection with (i) the enforcement or preservation of [BOA's] rights and remedies and/or the collection of any obligations of [Emery DDS] which become due to [BOA] in connection with any 'workout or restricting and (ii) the prosecution or defense of any action in any way related to this [Loan Agreement], the credit provided hereunder or any related agreement." (Doc. 8-11, Loan Agreement section 9.8(C).) Such an award is also consistent with the Unconditional Guaranty, which permits the recovery of "reasonable attorneys' fees and all other costs and expenses that may be incurred by [BOA] (a) in the enforcement of this Guaranty." (Doc. 8-13; Unconditional Guaranty, section 19)

BOA argues its demand for attorney's fees and costs is authorized by the judgment but also is allowed under Louisiana law in the circumstances of this case. (Doc. 29-1 at 3, citing La. C.C. art. 2000 and *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/08/08), 988 Sao.2d 186, 201.) In terms of the amount demanded, BOA submits the affidavit of its counsel of record, pursuant to Local Rule 54(b)(1), verifying the billing statements and invoices for this matter. (Doc. 28-1 at 4, citing Exhs. 1 and 1-A through 1-N; Docs. 28-3 through 28-17.)

In their opposition, Defendants argue that the attorneys' fees and costs demanded "were not incurred by [BOA] in connection with the enforcement and preservation of [BOA's] rights and remedies and/or the collection of any obligation of the defendants to [BOA] and are not related to the prosecution or defense of any action related to the agreement at issue herein."

2

(Doc. 35 at 1.) Furthermore, defendants argue that BOA's "asserted costs and attorneys' fees are not reasonable…" (*Id.*)

More specifically, Defendants contend that "the earliest date that this bank could have claimed that the obligation has 'become due' would have been October 1, 2015, as acknowledged by Attorney Gabriel Crowson, in his representation letter dated November 9, 2015." (Doc. 35-1 at 2, citing Exhibit 2, Doc 35-2, a letter of representation and demand for payment dated November 9, 2015 by attorney Crowson). Therefore, argue Defendants, "none of the costs and/or attorney fees were attributable to Defendants herein as the obligation could not reasonably be considered due until after that date." (*Id.*) Furthermore, Defendants argue that "the attorneys [sic] fees alleged herein are excessive considering the skills and experience necessary to prosecute the matter." (Id., citing *Moody v. Arabie*, 498 So.2d 1081.)

BOA argues the fees incurred were for "time spent reviewing the relevant loan documents, sending demand letters to Defendants, negotiating with counsel for Defendants, preparing and filing the Complaint, briefing the Motion for Summary Judgment, opposing Defendants' Cross-Motion for Summary Judgment, drafting a request for entry of money judgment, and briefing the instant attorneys' fees motion. (Doc. 28-1, citing Crowson's affidavit, Doc. 28-3.) Arguing for the reasonableness of the amount demanded for attorneys' fees and costs, BOA states "given the amount of the Final Money Judgment for sums due under the [Loan Agreement], which exceeds $469,000, the attorneys' fees and expenses sought by [BOA] are well less than 25% of the amount of the Judgment and are per se reasonable. Therefore, [BOA] requests that the Court grant this Motion and enter an award of attorneys' fees and expenses in the amount of $23,147.50." (Doc. 28-1, at 4-5.)

## ANALYSIS

Crowson's affidavit does not specify when work on behalf of BOA in this matter began. Rather, it merely submits "billing statements and invoices for this matter from June 30, 2015 through August 29, 2016." (Doc. 28-3 at 1.) However, it appears from the billing records supporting Crowson's affidavit that the first activity billed for in this matter occurred on April 28, 2015 when Crowson reviewed and analyzed the project loan finance agreement and prepared a default letter to the borrower/guarantor. (Doc. 28-4.) In reviewing the record and documents attached to BOA's motion for summary judgment, Emery DDS first defaulted on this loan on March 1, 2014 (Doc. 1-5; Doc. 8-1 at paragraph 11; Doc. 8-9 at 2), and negotiations between BOA and Defendants began shortly thereafter. The Court's detailed summary of these negotiations is found at Doc. 22 at 3-10.

Although much of the early work of negotiation was handled directly by BOA vice-president Brenda R. Temple (Doc 22 at 8), the uncontradicted affidavit of attorney Crowson and supporting documents show that the attorney's involvement in the case began in late April 2015. (Doc. 28-4.) Although Crowson's letter of representation is dated November 9, 2015, the letter does not represent that this is the date the attorneys were actually retained in the matter. The billing documents reflect that attorney Crowson first become involved some seven months earlier. A fair reading of the billing documents, in the context of the affidavit's representations, reflect that the attorney was advising BOA regarding the pre-November 9, 2015 negotiations with Defendants. Therefore the Court finds Defendants' argument that the Court should not consider attorney fees and bills before November 9, 2015 is without merit.

Defendants do not challenge the amount of the costs but do argue, without citation of authority or analysis, that the rate of $290.00 per hour for the attorneys' fees is excessive.

In *Martin v. Eaton Law Grp. Attorneys, LLC*, No. CIV.A. 12-00781-BAJ, 2014 WL 5668207, at *1 (M.D. La. Nov. 4, 2014), this Court explained, ""The calculation of attorney's fees involves a well-established process." ... "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." " *Id.* at *1 (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998)).

Further, this Court has stated that "The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases." *Ball v. Leblanc*, No. 13-00368-BAJ-SCR, 2015 WL 5749458, at *2 (M.D. La. Sept. 30, 2015) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The Plaintiff's attorney has submitted an hourly rate of $290.00. Defendants claim that rate is excessive.

This Court stated in *Martin*:

> An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." The U.S. Court of Appeals for the Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."

> "The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. [A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. Instead, "[t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, as well as "affidavits of other attorneys practicing [in the community in question]," In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate."

20145668207, at *2 (citations omitted).

Nevertheless, this Court has the authority to determine the reasonable rate without affidavits from other attorneys. In *Martin*, the Court found sufficient support for the rate based on the affidavits of those claiming the rate and other cases from the Middle District, Eastern District, and Fifth Circuit where attorney rates were found to be reasonable. *Id.* at *2-3.

Moreover, in *Winget v. Corp. Green, LLC*, No. CIV.A. 09-0229, 2011 WL 2173840 (M.D. La. May 31, 2011), this Court stated that "a district court 'is itself an expert' on the issue of fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Id.* at *6 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir.1940)). In *Winget*, the Court based its decision on hourly rate in part on the cases cited by the plaintiff and the Court's familiarity with the local legal market. *Id.*

Here the Plaintiff has established entitlement to attorneys' fees and costs but has failed to provide sufficient information to allow the Court to determine the reasonableness of the proposed fee. Under Louisiana law, the "factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge." *Rivet v. State, Dep't of Transp. & Dev.*, 96-0145 (La. 9/5/96), 680 So. 2d 1154, 1161.

The Court grants Plaintiff's motion ordering the payment of attorneys' fees and costs by Defendants but will allow Plaintiff seven days to supplement its affidavit in support of its motion, providing the information relevant to its consideration. Defendants will have seven days to respond.

While Plaintiff "reserves its right to collect from Defendants the additional attorneys' fees and costs that [BOA] incurs in defending the appeal…" (Doc. 28-1 at 5, n. 1), this reservation is unnecessary since Defendants have dismissed their appeal. (Doc. 36.)

Signed in Baton Rouge, Louisiana, on <u>March 6, 2017</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**